**SO ORDERED.**

**SIGNED this 19th day of August, 2011.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LEGAL XTRANET, INC. | ) | BANKR. NO. 11-51042-LMC |
| | ) | |
| | ) | CH. 11 |
| DEBTOR | ) | |

**MEMORANDUM DECISION AND ORDER REGARDING MOTION TO RECONSIDER ORDER DENYING EMERGENCY MOTION TO LIFT THE AUTOMATIC STAY**

Came on for consideration the foregoing matter. On May 25, 2011, AT&T filed a motion requesting that this court reconsider its May 23, 2011 order denying AT&T's motion for relief from stay in light of the fact that the court has remanded LXI's declaratory judgment action against AT&T to the state court. The court first heard arguments on AT&T's motion on July 27, 2011. After the hearing, the court requested further briefing from the parties on the issue of whether AT&T's amended answer, filed pursuant to Rule 15(a) of the Federal Rules of Civil

1

Procedure, wherein AT&T dropped its counterclaims in place of the "affirmative defense" of recoupment, served to dismiss AT&T's counterclaims against LXI as AT&T had previously represented in its remand briefings and at various hearings before this court.

The relevant factual background is as follows: LXI filed its Original Petition for Declaratory Judgment on March 14, 2011. AT&T filed its Original Answer ("Answer"), which included various state law counterclaims, on March 18, 2011. LXI filed for chapter 11 protection on March 28, 2011 and removed its suit against AT&T to this court that same day. On May 18, 2011 (less than half an hour before the hearing on AT&T's motion to remand), AT&T filed is First Amended Answer ("Amended Answer") wherein AT&T omitted all of its counterclaims against LXI, asserting instead the affirmative defense of recoupment.

At the remand hearing, AT&T represented to this court that it had dismissed its counterclaims against LXI. These representations were partially relied on by the court in reaching its decision on AT&T's motion to remand. LXI laid out in detail the relevant portions of the remand hearing in its supplemental briefing showing that, in response to LXI's (and the court's) concerns, AT&T represented that if the case were remanded, AT&T would not raise the omitted counterclaims in the state court. At the July 27, 2011 lift stay hearing AT&T revealed the potentially misleading nature of its prior representations to this court when the court asked why AT&T was so reluctant to dismiss its counterclaims against LXI. AT&T stated:

> And we don't even know if the Debtor's going to be in bankruptcy a week from today. And if the Debtor's not in bankruptcy, and if we're back in state court, and if we've already dismissed our counterclaims, and the nature of the relief they seek, changes, any number of things could happen. We've indicated that, you know, the stay's going to continue to apply. And as long as the stay continues to apply, then we are where we're at, and we can't re-bring those counterclaims, and we understand that. But we don't know how things are going to change in the future.

(*See* Exhibit D to LXI's supplemental brief.) In short, the July 27, 2011 lift stay hearing made it clear that AT&T had never planned to dismiss its counterclaims against LXI with prejudice; rather AT&T's testimony revealed that AT&T actually hoped to save its counterclaims, "just in case," in the event that LXI's chapter 11 proceedings ultimately gets dismissed.

After holding a second hearing on AT&T's motion to reconsider the order denying AT&T's motion to lift the stay on August 12, 2011, and after considering the parties' briefing and arguments regarding the procedural propriety and ultimate effect of AT&T's First Amended Answer, the court concludes as follows:

### Discussion

1. Did the filing of AT&T's First Amended Answer comply with the requirements of Rule 15(a) of the Federal Rules of Civil Procedure?

LXI argued that AT&T's filing of its Amended Answer did not comply with the requirements of Rule 15(a) of the Federal Rules of Civil Procedure. LXI stated that, because AT&T's Amended Answer was filed more than 21 days after service of its original Answer, AT&T was required (but failed) to seek leave of court before amending its answer under Rule 15(a). Rule 15(a)(1) states:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

FED. R. CIV. P. 15(a). In short, Rule 15(a) allows a party to amend its pleading once as a matter of course until 21 days after a responsive pleading or Rule 12(b), (e), or (f) motion is served, or within 21 days if the party's earlier pleading required no response. *See id*. *See also, e.g., Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010) (stating that "Federal Rule of Civil Procedure 15(a) gives a plaintiff the right to amend a complaint once as a matter of course, so long as no responsive pleading has been filed"; noting that Rule 15 was amended, effective December 1, 2009, "to grant a party the right to amend as a matter of course within 21 days of a responsive pleading or motion to dismiss, whichever is earlier"; and concluding that because the plaintiff had not previously amended its complaint and the defendant had not yet filed a responsive pleading, the plaintiff "could have amended its complaint as a matter course" without first seeking leave of court); *Rosin v. Thaler*, 417 Fed. Appx. 432 (5th Cir. 2011) (stating that plaintiff "was entitled to amend his pleading once as a matter of right because the respondent had not yet filed a responsive pleading") (unpublished).

LXI argued that, under federal law, it was not required to respond to the answer portion of AT&T's answer, and thus, because AT&T's Amended Answer only amended the answer portion of AT&T's Answer (and did not expressly amend the counterclaim portion of AT&T's Answer), it was untimely under Rule 15(a). Accordingly, argued LXI, because the Amended Answer was untimely, the original Answer containing AT&T's counterclaims still stands, and the automatic stay should remain in place to prevent AT&T from asserting those counterclaims against LXI in state court. AT&T argued that its amended answer did comply with Rule 15(a)(1) because its Answer, containing counterclaims, was a pleading to which a response *was* required. Accordingly, argued AT&T, because LXI had not yet filed a response to AT&T's counterclaims when AT&T filed its Amended Answer, AT&T did not have to seek leave of court to do so.

The inquiry here turns on whether AT&T's Answer should be treated as one pleading (i.e. merely an Answer) or as two separate pleadings (an Answer and a Counterclaim). If AT&T's Answer is treated as two separate pleadings, namely an Answer and a Counterclaim, then under Rule 7 of the Federal Rules of Civil Procedure, LXI was not required to file a response to the answer portion of AT&T's Answer. *See* FED. R. CIV. P. 7; FED. R. BANKR. P.

3

7007 (providing that a reply to an answer is required only "if the court orders one.")[1] Rather, LXI was only required to file a response to the counterclaim portion of AT&T's Answer. *See* FED. R. BANKR. P. 7012(a) ("The plaintiff shall serve a reply to a counterclaim in the answer within 21 days after service of the answer…"); *see also* FED. R. CIV. P. 12(a) ("A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim."). Thus, argued LXI, because AT&T's Amended Answer only amended the answer portion of AT&T's Answer (by adding the recoupment defense), and because the answer portion of AT&T's Answer did not require a response from LXI under Rule 7, AT&T's Amended Answer, filed without leave of court more than 21 days after service of AT&T's Answer, was untimely under Rule 15(a)(1)(A).

Although LXI failed to cite any case law as authority for treating AT&T's Answer and the counterclaims contained therein as separate pleadings for purposes of applying the amendment deadlines of Rule 15(a), a recent case out of the district court for Connecticut examined whether a defendant's answer, which also contained counterclaims, could be amended as a matter of course (to include the defense of lack of personal jurisdiction) anytime before a responsive pleading was filed pursuant to Rule 15(a)(1)(B), or whether the answer could only be amended within 20 [now 21] days after serving the original answer pursuant to Rule 15(a)(1)(A), despite the inclusion of counterclaims (which require a response) in the original answer. *Yale Univ. v. Konowaloff*, 2010 U.S. Dist. LEXIS 103024, at *4-6 (D. Conn. Sept. 29, 2010). The court stated:

> The plaintiff argues that what is controlling is the fact that the Amended Answer is two pleadings in one document: an amended counterclaim, which requires a responsive pleading, *see* FED. R. CIV. P. 12(a)(1)(B), and an amended answer, which does not. By this understanding, the defendants' counterclaim was properly amended as a matter of course under Rule 15(a)(1)(A) because there had been no responsive pleading served, but, because the Answer had been served more than 20 [now 21] days before the new document [the amended answer and counterclaims] was filed, *see* FED. R. CIV. P. 15(a)(1)(B), amending the answer portion of the document could only be done with the plaintiff's consent or by leave of the court pursuant to Rule 15(a)(2). The defendant contends that what is controlling is the fact that the Amended Answer is a single document, and because no responsive pleading had been filed to the counterclaim portion of the document, the whole document could still be amended as a matter of course pursuant to Rule 15(a)(1)(A).
>
> An answer is generally among the category of pleadings to which 'a responsive pleading is not allowed.' FED. R. CIV. P. 15(a)(1)(B). *Compare* FED. R. CIV. P. 7(a)(7) ("Only these

---

[1] LXI also argued that, under Rule 82 of the Texas Rules of Civil Procedure, which were applicable before LXI's suit was removed to this court, LXI was not required to file a response to AT&T's Answer and was deemed to have denied the same.

4

pleadings are allowed: . . . if the court orders one, a reply to an answer."), with FED. R. CIV. P. 7(a)(3) ("an answer to a counterclaim designated as a counterclaim"). No responsive pleading to the answer has been ordered by the court in this case, so none is allowed here. Further, 'when the answer does contain a counterclaim denominated as such, the reply . . . is only to the counterclaim.' 20 CHARLES ALAN WRIGHT & MARY KAY KANE, 20 FEDERAL PRACTICE & PROCEDURE: FEDERAL PRACTICE DESKBOOK § 70, at 618 (2002); *see also Borgen v. Pa. Greyhound Lines*, 9 F.R.D. 209, 209 (N.D. Ohio 1949) ("Plaintiff's reply was responsive to defendants' cross petition but was not responsive to the joint answer."). In addition, Rule 7(a) recognizes 'an answer to a complaint' and 'an answer to a counterclaim designated as a counterclaim' as two separate pleadings. FED. R. CIV. P. 7(a)(2), (3). As a result, the more appropriate provision to govern whether or not the answer portion of the Amended Answer was filed 'as a matter of course' is Rule 15(a)(1)(B), which requires amendments as a matter of course to be filed within 20 days. …

In addition to the reasons stated above, the defendant's argument that an answer can be amended as a matter of course if a counterclaim is appended is problematic because it would create the anomalous result that parties without a counterclaim would waive their defenses by failing to amend their answers in 20 days, while parties with a counterclaim could freely preserve defenses that they have not pursued for months.

*Yale Univ. v. Konowaloff*, 2010 U.S. Dist. LEXIS 103024, at *4-6 (D. Conn. Sept. 29, 2010).[2] Under the reasoning of *Konowaloff*, LXI was not required to file a response to the answer portion of AT&T's Answer; and therefore, because AT&T's Amended Answer only amended the answer portion of AT&T's Answer and did not address the counterclaims at all, it could only be filed "as a matter of course" within 21 days of service of AT&T's Answer. *See* FED. R. CIV. P. 15(a)(1). Further, because AT&T failed to obtain leave of court before filing its untimely Amended Answer, the Amended Answer is a nullity and the original Answer remains the live pleading. *See United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir.

---

[2] At the time the relevant pleadings in the *Konowaloff* case were filed, Rule 15(a) stated, in relevant part:

(1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.

*Yale Univ. v. Konowaloff*, 2010 U.S. Dist. LEXIS 103024, at *3-4 (D. Conn. Sept. 29, 2010). However, "[t]he amendments to Rule 15(a) that went into effect on December 1, 2009 do not change the analysis [in *Konowaloff*]. The amended text of Rule 15(a) provides that '[a] party may amend its pleading once as a matter of course within … 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.' Because, as discussed below, no responsive pleading is required by the Answer, and the Amended Answer was filed more than 21 days after service of the Answer, the Amended Answer was not filed as a matter of course under the amended Rule 15." *Id.*

5

2003) (If an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect.).

On the other hand, at least one other court appears to have treated an answer that contains counterclaims as a single pleading to which a responsive pleading is required under Rule 7. *See Ulla-Maija, Inc. v. Kivimaki*, 2003 U.S. Dist. LEXIS 977, at *7, n.4 (S.D.N.Y. Jan. 23, 2003) (noting that, under Rule 15(a), "[i]f the pleading at issue does not require a responsive pleading, then the party seeking to amend the pleading may do so at any time within twenty days after service[,]" but further stating that "this portion of Rule 15(a) [however] does not apply here since defendants' Answer and Counterclaims clearly required a responsive pleading from plaintiff."); *see also Primerica Life Ins. Co. v. Davila*, 2011 U.S. Dist. LEXIS 19744, at *8 (E.D. Cal. Feb. 16, 2011) (noting that defendant's "amended counterclaim," which only included allegations relating to the original counterclaim, and did not relate to the rest of defendant's answer, could not be treated as a stand-alone pleading "because counterclaims are part of other pleadings[,]" and, treating defendant's "amended counterclaim" as an amended answer, concluding that defendant's amended counterclaim was untimely because [defendant] had 21 days after [plaintiff] filed its Rule 12(b)(6) motion to dismiss in order to file an amended answer as a matter of right[,]" and "[t]he amended counterclaim was filed beyond the deadline…"). If AT&T's Answer constituted a pleading to which LXI was required to respond, then, because no response was on file when AT&T filed its Amended Answer, AT&T's Amended Answer would have been timely under Rule 15(a)(1)(B).[3]

This court need not reach a conclusion, however, on the issue of whether AT&T's Amended Answer was properly filed as a matter of course under Rule 15(a)(1)(B), or whether it was improperly filed without leave of court because it was filed beyond 21 days after service of the original Answer as per Rule 15(a)(1)(A). *See* FED. R. CIV. P. 15(a)(2). Regardless of which pleading constitutes AT&T's current live pleading, if AT&T were to pursue either its affirmative defense contained in the Amended Answer or its counterclaims contained in the Answer against LXI in state court, AT&T would be violating the automatic stay.

AT&T's original counterclaims included claims for conversion, breach of contract and injunctive relief. AT&T's affirmative defense of "recoupment" seeks recoupment based on the same facts asserted in support of AT&T's original counterclaims. In short, AT&T's recoupment defense amounts to nothing more than a re-named, re-asserted counterclaim against LXI. Accordingly, whether AT&T's Amended Answer is timely or not, AT&T's claims (whether

---

[3] LXI argued that, under Rule 82 of the Texas Rules of Civil Procedure, LXI was deemed to have denied (i.e. responded to) AT&T's counterclaims in the state court, and thus LXI's deemed response should carry over to this court after removal, therefore limiting the time within which AT&T could amend its Answer (including the counterclaims) to 21 days after entry of LXI's deemed response. While an intriguing argument (despite the lack of cited authority in LXI's briefing), for the reasons discussed below, this court need not reach the issue.

designated as "counterclaims" or as the "affirmative defense" of recoupment) are, for the reasons discussed below, barred by automatic stay.

AT&T's "recoupment" defense does not actually state a proper recoupment defense under Texas law. According to *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), this Court must follow Texas state court precedent regarding Texas common law when it interprets AT&T's recoupment defense. As articulated by the Texas Supreme Court in *Southern Pacific Co. v. Porter*, because Texas was neither a British colony nor an American territory, Texas common law is determined by Texas statute and adoption of the Texas Supreme Court and not directly by inheritance from the English common law. 331 S.W.2d 42, 45 (Tex. 1960). Thus, any decision regarding Texas common law recoupment must be determined in accordance with decisions of the Texas Supreme Court. *Id.* The Texas Supreme Court has held that recoupment has a narrow scope under Texas common law and "*must* be predicated upon a factor which would vitiate a contract either in whole or in part as of the time the contract was made." *Porter*, 331 S.W.2d at 45 (emphasis added); *See also Bray v. Bray*, 1999 Tex. App. LEXIS 4448, at *3-4 (Tex. App.—San Antonio June 16, 1999, pet. denied) ("With its roots in English common law, recoupment comes to us by way of adoption by the Texas Supreme Court. Generally, recoupment allows a defendant to reduce or rebate part of a plaintiff's recovery on a cause of action because of a right the defendant has arising out of the same transaction from which the plaintiff's suit arises. The supreme court has confined recoupment to the very narrow situation in which the claim for recoupment is 'predicated upon a factor which would vitiate a contract either in whole or in part as of the time the contract was made.'") (citing *Southern Pac.*, 331 S.W.2d at 45); *Murphy v. Canion*, 797 S.W.2d 944, 947 (Tex. App.--Houston [14th Dist.] 1990) (same).

AT&T's recoupment defense relies on the same facts that AT&T pleaded in support of its counterclaims for conversion and breach of contract. On its face, AT&T's recoupment defense does not comport with the Texas Supreme Court's narrow interpretation and application of the law of recoupment. While a properly pleaded recoupment defense would not violate the automatic stay, *see Kosadnar v. Metropolitan Life Ins. Co. (In re Kosadnar)*, 157 F.3d 1011, 1016 (5th Cir. 1998), pursuit of AT&T's recoupment defense as it now stands would violate the stay.

Accordingly, the court will order AT&T to prepare a Proposed Amended Answer that properly pleads the defense of recoupment within the parameters of Texas state law. AT&T must submit this proposed pleading to this court for review to determine whether it does or does not violate the automatic stay. If AT&T's Proposed Amended Answer amounts to yet another disguised counterclaim, the court will not lift stay. If, on the other hand, AT&T's Proposed Amended Answer pleads a proper recoupment defense, the court will lift the stay to allow AT&T to proceed with its defense in state court.

The court notes that LXI has filed a Rule 60(b) motion in connection with this court's orders remanding LXI's suit to state court and subsequently denying LXI's motion to reconsider

the remand order. This ruling applies regardless of whether LXI's underlying suit is ultimately remanded or not. If the court decides against remanding the case, then the court will grant AT&T leave to file a properly pleaded recoupment defense. If the court remands the case, it nonetheless retains the authority to determine whether AT&T's state court pleadings violate the stay. It is worth noting that the claims bar date has passed. Any attempt on AT&T's part to assert a claim against LXI at this time would violate the stay. *See* 11 U.S.C. § 362(a). As it currently stands, AT&T's recoupment defense is nothing more than a *sub rosa* attempt to assert a claim against the estate in violation of the stay. If AT&T wishes to assert a proper recoupment defense it may certainly do so, but it must re-plead.

Finally, although not necessary to the court's ultimate decision as laid out above, the court will address the issue of whether AT&T's Amended Answer (assuming it was timely filed as a matter of course under Rule 15(a)) effectively dismissed AT&T's counterclaims against LXI, and whether the court now has the power to deem that dismissal to have been with prejudice.

The procedure for dismissing counterclaims against a party is governed by Rule 41 of the Federal Rules of Civil Procedure. *See, e.g., Conseco Life Ins. Co. v. Judson*, 214 Fed. Appx. 446, 448 (5th Cir. 2007). Rule 41(c) states:

> [T]his rule applies to a dismissal of any counterclaim, crossclaim, or third party claim. A claimant's voluntary dismissal under Rule 41(a)(1)(A)(i) must be made: (1) before a responsive pleading is made; or (2) if there is no responsive pleading, before evidence is introduced at a hearing or trial.

FED. R. CIV. P. 41(c). Accordingly, when AT&T filed its Amended Answer on May 18, 2011, because there was no responsive pleading from LXI on file at that time, AT&T could have dismissed its counterclaims against LXI under this rule. Instead, AT&T chose to simply file its Amended Answer pursuant to Rule 15(a). Now that LXI has filed a responsive pleading in that case, AT&T may dismiss its counterclaims only with leave of court. *See In re 20/20 Sport*, 200 B.R. 972, 978 (Bankr. S.D.N.Y. 1996) ("FRCP 41(c), which governs voluntary dismissals of counterclaims, follows the same policy considerations as FRCP 41(a). When a responsive pleading is not filed against an asserted counterclaim, the right to voluntary dismissal survives. It is clear, however, that if dismissal of a complaint or a counterclaim is sought after a response has been filed, the right to voluntary dismissal terminates and leave of the court is necessary to dismiss.") (internal citations omitted).

Assuming AT&T's amendment under Rule 15(a) was timely, the next question becomes whether Rule 15 is the proper procedural vehicle to use when a party seeks to drop all of its claims against another party. In *General Signal Corp. v. MCT Telecommunications Corp.*, the Ninth Circuit held that "Rule 15, not Rule 41, governs the situation when a party dismisses some, but not all, of its claims." 66 F.3d 1500, 1513 (9th Cir. 1995) (citing, *inter alia*, *Exxon Corp. v.*

8

*Maryland Casualty Co.*, 599 F.2d 659, 662 (5th Cir. 1979)); *see also, e.g., Peacock v. Bank of Am. Corp.*, 2011 U.S. Dist. LEXIS 26773 (M.D. Ga. Mar. 15, 2011) ("The Eleventh Circuit has stated that Rule 41 allows 'a plaintiff to dismiss all of his claims against a particular defendant,' but does not permit 'plaintiffs to pick and choose, dismissing only particular claims within an action.' Plaintiffs that want to dismiss particular claims within a multi-claim action 'should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a).'"); *Livesay v. Carolina First Bank*, 2007 U.S. Dist. LEXIS 21497, at *3-4 (W.D.N.C. Mar. 14, 2007) ("If a plaintiff wishes to dismiss particular claims within an action, '[r]ather than a Rule 41 dismissal, the [p]laintiff should seek to amend [her] complaint by meeting the requirements of Rule 15.' This requirement does not only apply to initial claims filed by a plaintiff against a defendant, but to counterclaims, cross-claims, and third-party claims as well. (citing, *in alia*, MOORE'S FEDERAL PRACTICE 3d, 41, 21 [2] ("A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a).").).

As recognized by AT&T, the converse of the rule that Rule 15 governs when a party dismisses some, but not all of its claims, is that Rule 41 governs when a party dismisses all of its claims. *See Graco, Inc. v. Techtronic Indus., North Am.*, 2010 U.S. Dist. LEXIS 21488, at *6-7 (D. Minn. Feb. 10, 2010) ("The Federal Rules and the cases which construe them thus make a clear distinction between a 'claim' and an 'action.' Therefore, when Rule 41(a) refers to dismissal of an 'action,' there is no reason to suppose that the term is intended to include the separate claims which make up an action. When dismissal of a claim is intended, as in Rule 41(b), that concept is spelled out in plain language."); *Means v. Ameriquest Mortg., Co.*, 2011 U.S. Dist. LEXIS 27824, at *2 (N.D. Ind. Mar. 17, 2011) ("The Seventh Circuit has instructed that Rule 41(a) 'does not speak of dismissing one claim in a suit; it speaks of dismissing "an action"—which is to say, the whole case.'" (quotiong *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001).

Ultimately, however, the practical effect of AT&T's Rule 15(a) amendment was the same as if AT&T had dismissed its counterclaims under Rule 41. Under both rules, a party's voluntary dismissal of a claim is without prejudice. *See* FED. R. CIV. P. 41(a)(1)(B) (voluntary dismissal is without prejudice unless otherwise stated); *Price v. Brock & Scott*, PLLC, 2011 U.S. Dist. LEXIS 38275, at *17-18 (M.D.N.C. Apr. 6, 2011) ("Although Rule 15's express terms do not address [whether a Rule 15 amendment that dismisses a claim is without prejudice], Rule 41's provisions regarding dismissal of actions offers some guidance; said rule states that a plaintiff may voluntarily dismiss an action before a defendant moves for summary judgment and that such dismissal generally 'is without prejudice.' FED. R. CIV. P. 41(a)(1). The same presumption applies to amendments under Rule 15(a) that eliminate some but not all claims.") (citing *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1107 (11th Cir. 2004) ("Unless the plaintiff's motion or the district court's order stipulates otherwise, a claim dropped through a Rule 15 amendment - or, for that matter, an action dropped pursuant to Rule 41(a) - is dismissed without prejudice.").).

9

Indeed, numerous courts have recognized the similarity of Rule 15(a) and Rule 41(a), noting that they have essentially the same effect. *See Hells Canyon Pres. Council v. United States Forest Serv.*, 403 F.3d 683, 689-90 (9th Cir. 2005) (the fact that a voluntary dismissal is labeled as an amendment is a technical, not a substantive, distinction; prejudice does not attach to a claim that is properly dropped from a complaint under Rule 15(a) prior to a final judgment); *Nilssen v. Motorola, Inc.*, 203 F.3d 782, 784-85 (Fed. Cir. 2000) (noting that regardless of whether the claims were dismissed without prejudice or extinguished by amendment, the effect is the same); *Devitt v. Kraft Gatz Lane Benjamin LLC*, 2010 U.S. Dist. LEXIS 43844 (S.D. Tex. May 5, 2010) ("It is 'not important' as a 'practical matter' which rule is applied because, 'so long as defendant has not filed a responsive pleading, plaintiff has an absolute right to file an amended complaint that omits some of the claims that were in the original complaint.'") (quoting 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1479 (2d ed. 1990 & Supp. 2010)); *Vogel v. American Kiosk Mgmt.*, 371 F. Supp. 2d 122, 129 (D. Conn. 2005) ("In many instances the procedure for, and effect of, an amendment will be the same as a voluntary dismissal because of the similarities between the governing rules. Both rules may be invoked as of right before the service of an answer or responsive pleading by the opposing party. The choice of rules is immaterial."); *United States v. Williams Pipe Line Co.*, 1990 U.S. Dist. LEXIS 18235, at *3 n.2 (D. Kan. 1990)("Defendant Williams argues that Rule 41(a)(2) only applies to the dismissal of an entire action and that plaintiff may 'dismiss' this claim only be amending its complaint pursuant to FED. R. CIV. P. 15(a). *See* 5 J. MOORE, J. LUCAS, & J. WICKER, MOORE'S FEDERAL PRACTICE ¶ 41.06-1, at 41-83 (1990). The court discerns no useful purpose in adopting this overly pedantic view of the federal rules and denying plaintiff's motion simply because it might more appropriately have been stylized as a motion to amend.").

If AT&T properly amended its Answer pursuant to Rule 15(a), then AT&T effectively removed its counterclaims against LXI from the lawsuit. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (amended complaint supersedes original and renders original complaint of no legal effect unless the amended complaint specifically refers to and adopts or incorporates original complaint); *see also ConnectU*, 522 F.3d 82, 91 (1st Cir. 2008) ("An amended complaint, once filed, normally supersedes the antecedent complaint. . . Thereafter, the earlier complaint is a dead letter"); *Canal Ins. Co. v. Coleman*, 625 F.3d 244, 246 (5th Cir. 2010) (where amended complaint dropped a claim, the claim "was no longer part of this lawsuit"). Furthermore, as noted above, AT&T's dismissal of its counterclaims from the lawsuit is without prejudice; and this court has no authority to now order that such a dismissal be deemed with prejudice.

In *Trugreen Ltd. Pshp. v. Rogers*, the district court for the Northern District of Texas, after concluding that the plaintiff had established the right to file an amended complaint (withdrawing certain claims) under Rule 15(a)(2) (governing motions to amend after a

responsive pleading has been filed), then addressed the defendant's request that the withdrawal of the plaintiff's claims be with prejudice. 1997 U.S. Dist. LEXIS 18718, at *9-10 (N.D. Tex. Nov. 18, 1997). The court provided the following discussion:

> The Court turns to Defendants' request that the claims not merely be withdrawn, but instead be dismissed with prejudice. Such a ruling would require the Court to treat the motion to amend the pleadings as a motion for voluntary dismissal. *See* Fed. R. Civ. P. 41(a)(2). Several courts have approved applying the standard of review for voluntary dismissal under Rule 41(a)(2) to a motion to withdraw a claim by amendment under Rule 15(a). *See, e.g.*, *Wakefield v. Northern Telecom, Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985); *Mechmetals Corp. v. Telex Computer Prods., Inc.*, 709 F.2d 1287, 1294 (9th Cir. 1983); *see also, e.g.*, *Wilson v. Crouse-Hinds Co.*, 556 F.2d 870, 873 (8th Cir.), cert. denied, 434 U.S. 968, 54 L. Ed. 2d 455, 98 S. Ct. 513 (1977). The Court agrees that such treatment is logical and appropriate, particularly after a motion for summary judgment has been filed. *Cf. Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984, 985-86 (5th Cir. 1989) (noting that Rule 41(a)(2), as opposed to dismissal by stipulation, applies after filing a motion for summary judgment). Withdrawal of a claim by amendment would appear to be the substantive and functional equivalent of voluntary dismissal of a claim without prejudice. The Court is not required to decide the issue, however, because the analysis in the case at bar is as unavailing to Defendants under Rule 41(a)(2) as it was under Rule 15(a).
>
> Under the federal rules of voluntary dismissal, a court may dismiss a claim "upon such terms and conditions as the court deems proper." FED. R. CIV. P. 41(a)(2). Among those conditions is dismissal with prejudice if a dismissal on other terms would cause the defendant to suffer some cognizable prejudice. *Davis v. Huskipower Outdoor Equipment Corp.*, 936 F.2d 193, 198-99 (5th Cir. 1991) (affirming the district court's dismissal of a claim with prejudice where the plaintiff requested dismissal without prejudice after a year's litigation and only after obtaining an unfavorable ruling on the claim). Here, Defendants argue 'cognizable prejudice' related to seven months' discovery expense on the claims at issue. They also argue vulnerability to subsequent litigation based on those claims. Contrary to Defendants' arguments, neither assertion supports dismissal with prejudice in this case. *See Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967) (holding that the movant must demonstrate "some plain legal prejudice other than the mere prospect of a second lawsuit"); *id.* at 368-69 (reversing dismissal with prejudice even in the presence of defendant's substantial trial preparation expense); *see generally Radiant Technology Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 202-205 (N.D. Tex. 1988) (discussing the Rule 41(a)(2) standard).
>
> The primary authority on which Defendants rely is inapposite. *See Burnette v. Godshall*, 828 F. Supp. 1439 (N.D. Cal. 1993), aff'd sub nom., *Burnette v. Lockheed Missiles &*

11

> *Space Co.*, 72 F.3d 766 (9th Cir. 1995). In the *Burnette* case, the district court dismissed a RICO claim with prejudice under Rule 41(a)(2) only upon plaintiff's admission that the claim was brought 'without diligent research and in an attempt to obtain treble damages.' *Id*. at 1444. Here, in contrast, Plaintiff sets forth a colorable, if inventive, basis for originally having brought the claims at issue. Moreover, Plaintiff asserts that withdrawal of the claims is based on evaluation of the cost-efficiency of pursuing them after completion of the relevant discovery. As the Court noted previously, such action implies good faith and responsible litigation.
>
> Accordingly, the Court's decision to allow Plaintiff to withdraw its claims by amendment is not altered by treating Plaintiff's request as a motion for voluntary dismissal.

*Trugreen Ltd. Pshp. v. Rogers*, 1997 U.S. Dist. LEXIS 18718, at *9-10 (N.D. Tex. Nov. 18, 1997).

While the *Trugreen* case stands for the proposition that a court may, in permitting a plaintiff to withdraw certain claims by amendment under Rule 15(a), require, using the standards of Rule 41(a)(2), that such a withdrawal be with prejudice, the procedural posture of the *Trugreen* case is what makes that case inapplicable here. Unlike the plaintiff in *Trugreen*, AT&T withdrew its claims by amendment "as a matter of right," without having to seek leave of court. Because no court action was involved in that process, Rule 41(a)(2) is inapplicable. Rule 41(a)(2) states that if a party seeks to dismiss a claim, *other than by a voluntary dismissal pursuant to Rule 41(a)(1)* (which is done without a court order and through a notice of dismissal), the court may condition such a dismissal as it sees fit. *See* FED. R. CIV. P. 41(a)(2). Here, AT&T's voluntary "dismissal" of its counterclaims was done without a court order. When AT&T withdrew / dismissed its counterclaims, this court lost jurisdiction over those claims. *See Smith v. Potter*, 513 F.3d 781, 782-83 (7th Cir. 2008) ("The plaintiff [timely] dismiss[ed] her first suit [pursuant to Rule 41(a)], so the judge was not authorized to dismiss the suit with prejudice. . . . Since there was no longer a case pending . . . [the district judge's] order was void."); *Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001) ("The [filing of a Rule 41(a)(1)(i) notice] itself closes the file . . . and the court has no role to play. . . . [Thereafter], the district court loses jurisdiction . . . and may not address the merits of [the dismissed] claims or issue further orders pertaining to them." (first alteration in original)); *Williams v. Ezell*, 531 F.2d 1261, 1264 (5th Cir. 1976) ("[Plaintiffs' voluntary dismissal] was the end of the case and the attempt to deny relief on the merits and dismiss with prejudice was void."); *see also Ganley v. Mazda Motor of Am., Inc.*, 367 Fed. Appx. 616, 623, n.2 (6th Cir. 2010) (citing 8 MOORE'S FEDERAL PRACTICE § 41.33[6][e] (2008) for the proposition that "[o]nce a notice of dismissal without prejudice is filed, the court loses jurisdiction over the case, and may not address the merits of the action or issue further orders."). Accordingly, the court is incapable of now ordering the dismissal of those claims with prejudice.

**Order**

In accordance with the above Memorandum Decision, it is hereby;

**ORDERED**, that, as stated on the record by AT&T, AT&T's counterclaims against LXI contained in AT&T's Answer are dismissed without prejudice;

**ORDERED**, that AT&T shall submit a Proposed Amended Answer properly reflecting a recoupment defense within the parameters of Texas law within a reasonable time after entry of this order;

**ORDERED**, that once AT&T submits its Proposed Amended Answer to this court, the court will either lift the stay to permit AT&T to proceed with its properly pleaded recoupment defense in the state court proceeding, or deny AT&T's motion to lift the stay if AT&T's Proposed Amended Answer reflects a claim against the debtor. In the event the stay is lifted, AT&T may pursue its affirmative defense of recoupment in the state court proceeding, but only as this affirmative defense is defined by the Texas Supreme Court in *Southern Pacific Co. v. Porter*, 331 S.W.2d 42, 44-45 (Tex. 1960). AT&T may not assert any claims or counterclaims against LXI, including but not limited to claims or counterclaims for attorneys' fees, injunctive relief, credit and offset, breach of contract, conversion or spoliation. Likewise, AT&T may not assert any affirmative defenses against LXI, other than recoupment as defined by the Texas Supreme Court, that would offset or in any way diminish LXI's recovery, if any, against AT&T. It is further,

**ORDERED**, that this Court shall retain jurisdiction over all disputes regarding the migration protocol which is Exhibit "A" to this court's Order Granting Debtor's Motion to Enforce Order Dismissing Temporary Restraining Order, But Granting Other Relief. It is further,

**ORDERED**, that the automatic stay will remain in effect for all other purposes not specifically approved by this court in this Order and the balance of any other relief asked for by AT&T in its motion is hereby **DENIED.**

###